THE COLUMBIAN LYCEUM BUREAU v. S. F. SHERMAN.

Opinion filed May 22, 1909.

### Contract — Substantial Performance.

1. The plaintiff, a corporation, made a contract with defendant to furnish six entertainments for the sum of $325. The contract provided substantially that plaintiff should not be liable for damages if because of sickness or any other unavoidable cause any party engaged failed to keep engagements, and the plaintiff might at its own option furnish a substitute entertainment at the same booking price.

### Same.

2. Where the plaintiff in one of the series of entertainments substituted one singer for another who was then ill and unable to appear, it was entitled under the evidence to recover the full contract price.

Appeal from District Court, Cass county; *Pollock, J.*

Action by the Columbian Lyceum Bureau against S. F. Sherman. Judgment for plaintiff, and defendant appeals.

Affirmed.

*Robert M. Pollock,* for appellant.

Where there are two or more modes of performing a contract, and one becomes impossible, the contracting party must perform one of the other. Board of Education v. Townsend, 52 L. R. A. 868; 9 Cyc. 633.

One party to a contract must perform it in good faith in order to enforce it as to the other. Glacius v. Black, 50 N. Y. 145; Davis v. Jeffries, 58 N. W. 815.

*V. R. Lovell,* for respondent.

Substantial performance of a contract by one party thereto coupled with the retention of benefits by the other, entitles the former to compensation. Omaha v. City, 156 Fed. 922; City v. Stookey, 154 Fed. 722; District v. Camden, 181 U. S. 453.

CARMODY, J. This action is brought and prosecuted by the plaintiff to recover from the defendant the balance claimed to be due on a certain contract made by the plaintiff and defendant, under and by the terms of which the plaintiff agreed to furnish and sup-

ply to the defendant six certain public entertainments to be given at Tower City, N. D., and, in consideration thereof, the defendant agreed to pay to the plaintiff the sum of $325. One of these entertainments was a company of musicians referred to in the contract as Arthur Middleton Company. The contract provided as follows: "It is understood and agreed that the bureau shall not be liable for damages, if, because of sickness, accidents, railroad detentions, or any unavoidable or legitimate cause, any party engaged fails to keep engagements, and any such failure shall not effect this contract as to unfilled dates, but in case of such failure a new date will be given the same season if possible, or the bureau will, at its own option, either deduct from the above consideration the price of the unfilled date or furnish a substitute entertainment of the same booking price." It is alleged on the part of the plaintiff that it furnished and supplied the entertainments as provided by said contract, and duly performed all the terms and conditions of said contract on its part to be performed, but that the defendant has failed and refused to comply with the conditions thereof on his part to be performed, and has refused to pay an unpaid balance of the consideration agreed upon. Defendant denied that plaintiff performed the said contract according to its promise, and alleges that the plaintiff only furnished five of the six entertainments provided for in said contract, and alleges that, among the entertainments provided for in said contract, plaintiff promised and agreed to furnish one entertainment by the Arthur Middleton Company, which company was, and is, made up of one Arthur Middleton, a renowned basso singer, and others; that the plaintiff advertised said company, and particularly the said Arthur Middleton, for February 22, 1906, at the city of Tower City for an entertainment to be given as the last of the series of the six entertainments under said contract; that plaintiff, without the knowledge of this defendant, substituted for said Arthur Middleton an inferior performer, and falsely and fraudulently represented to the defendant and to the public that said last mentioned person was Arthur Middleton, and by and with the use of such person the plaintiff gave an inferior entertainment and performance, and prior to such entertainment, and during the same, attempted to and did deceive this defendant and the public and those who attended such entertainment, and induced them to believe that the said last named person was, in fact

Arthur Middleton; that the defendant is the owner and manager of an opera house in said city of Tower City, and because of such misrepresentations and fraud practiced by the plaintiff the defendant was greatly damaged in his business and reputation, and asked judgment for $200. The evidence shows that the Arthur Middleton Company supplied at the time agreed upon for the performance of the Arthur Middleton Company with Mr. Madison in the cast in place of Middleton was of the same booking price as the same company with Mr. Middleton himself in the cast, and the said Arthur Middleton and George H. Madison were individually of the same booking price, and that said Arthur Middleton was ill at the time of said entertainment and unable to appear. At the close of the evidence, the court directed a verdict in favor of the plaintiff for the sum of $104 and interest. A motion for a new trial was made and denied, and judgment entered on the verdict, from which order and judgment this appeal was taken.

Appellant contends that the evidence on the part of the plaintiff failed to show that the plaintiff had complied with and performed the conditions of its contract with the defendant, and that it affirmatively appeared from such evidence that the plaintiff had attempted to and did practice a fraud and wrong upon and against the defendant, and had not honestly and in good faith or at all performed all the conditions of said contract on its part to be performed. Appellant proved no resultant damages arising from respondent's alleged default. The gate receipts from the entertainment were not diminished. He accepted the performance of the contract rendered by the respondent, and retained the benefits flowing out of it. These benefits were not reduced by reason of respondent's fault. It is well settled that substantial performance of the contract by one party, coupled with the reception of the benefits by another, will authorize an action by the former to recover the contract compensation. In the case at bar it may be that plaintiff practiced fraud upon the defendant by substituting George H. Madison for Arthur Middleton. If he did, it is not such a fraud as under the evidence in the case entitles the defendant to damages. There is no evidence to show that the plaintiff agreed that Arthur Middleton would be present, we do not think that a change of one member of a company, particularly when the same company was of the same booking price, was a violation of the plaintiff's contract, but was a substantial compliance with it. The defendant made

no complaint until after the entertainment, but represented to plaintiff that he was well satisfied with it. In fact he did not know of the change in singers until afterwards. ¦He wholly failed to prove any damages, and must fail on this appeal.

The ·judgment and order appealed from are clearly right and are affirmed.

All concur.

MORGAN, C. J., not participating.